RECEIVED
IN LAKE CHARLES, LA
SEP 14 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PRUDENTIAL INSURANCE CO. OF AMERICA | : | DOCKET NO. 99-775 |
| VS. | : | JUDGE TRIMBLE |
| ANTHONY A. KNOX, ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [doc. #35] filed by defendant, Sharon Tyler, on behalf of the minor children, Antonio Knox and Aaron Knox, wherein the mover seeks summary judgment in her favor, entitling her to life insurance proceeds in the amount of $200,000.00 that has been paid into the registry of this Court, for the use and benefit of Antonio and Aaron Knox. Defendant, Anthony A. Knox has filed no opposition to this motion.

## FACTUAL STATEMENT

On or about February 1, 1996, Angela Knox executed a Servicemen's Group Life Insurance Election Form in which she named Anthony Knox as the principal beneficiary and her minor children, Antonio Knox and Aaron Knox as contingency beneficiaries of said policy. Angela Knox died on August 1, 1997 as a result of a gunshot wound inflicted by Anthony Knox. At the time of her death, Angela left behind two minor children: Antonio Knox and Aaron Knox. On April 4, 2005, Anthony Knox pled guilty to manslaughter for the death of Angela Knox in Criminal Action Docket No. 53339 entitled *State of Louisiana v. Anthony Knox* in the 30th Judicial District Court of the Parish of Vernon for the State of Louisiana.

The life insurer, Prudential Insurance Company of America filed an Interpleader Complaint in this Court, interpleading as defendants, Anthony Knox, and Sharon Tyler and Walter Tyler as custodians/guardians of the minor children, Antonio Knox and Aaron Knox. Sharon Tyler asserts that Anthony Knox is disqualified as a beneficiary because a principal beneficiary cannot claim the proceeds of a life insurance policy where the principal beneficiary intentionally kills or injures the insured. Thus, Sharon Tyler moves for summary judgment in her favor, for the amount of the life insurance proceeds, for the benefit of the minor children, Antonio and Aaron Knox.

## LAW AND ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[2] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[3] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[4] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving

---

[1] Fed. R.Civ. P. 56(c).

[2] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

2

party, no reasonable trier of fact could find for the non-moving party.[5] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[6]

Under both Federal and Louisiana state law, Anthony Knox is not entitled to the insurance proceeds of Angela Knox's life insurance policy. A beneficiary who kills the insured is not entitled to life insurance proceeds.[7] Furthermore, Louisiana Revised Statute 22:613 provides that no beneficiary shall receive benefits under any insurance contract upon the death of the insured if he is held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death of the insured. Accordingly, Anthony Knox is not entitled to the life insurance proceeds that were previously deposited in the registry of this Court, and no one disputes that Sharon Tyler, on behalf of the minor children, Antonio and Aaron Knox is entitled to such proceeds.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted in favor of Sharon Tyler on behalf of the minor children, Antonio and Aaron Knox.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of September, 2005.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[6] *Anderson*, 477 U.S. at 249-50.

[7] *Shoemaker v. Shoemaker*, 263 F.2d 931 (6th Cir. Cal. 1959); see also *United States of America v Foster*, 238 F.Supp. 867 (D.C. Mich. 1965)..